**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>Plaintiff,<br><br>V.<br><br>FORWARD THINKING SYSTEMS LLC D/B/A FLEETCAM,<br><br>Defendant. | Civil Action No. 2:25-cv-05178<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect" or "Plaintiff") files this complaint against Forward Thinking Systems LLC d/b/a FleetCam ("FleetCam" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

<u>NATURE OF THE ACTION</u>

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents"):

| | Patent Number | Title | Available At |
|---|---|---|---|
| 1 | 7,058,040 | Channel Interference Reduction | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7058040 |
| 2 | 7,742,388 | Packet Generation Systems and Methods | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7742388 |
| 3 | 7,656,845 | Channel Interference Reduction | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7656845 |
| 4 | 7,260,153 | Multi Input Multi Output Wireless Communication Method and Apparatus Providing Extended Range and Extended Rate Across Imperfectly Estimated Channels | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7260153 |

|   | Patent Number | Title | Available At |
|---|---|---|---|
| 5 | 7,206,837 | Intelligent Trip Status Notification | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7206837 |
| 6 | 7,593,751 | Conducting Field Operations Using Handheld Data Management Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7593751 |
| 7 | 6,961,586 | Field Assessments Using Handheld Data Management Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6961586 |
| 8 | 8,494,581 | System and Methods for Management of Mobile Field Assets *via* Wireless and Held Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8494581 |
| 9 | 7,741,968 | System and Method for Navigation Tracking of Individuals in a Group | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7741968 |

2.      Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

3.      Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

4.      Based on public information, Defendant Forward Thinking Systems LLC d/b/a FleetCam is a corporation organized under the laws of the State of New York with its principal place of business located at 575 Jericho Turnpike, Suite 301, Jericho, NY 11753.

5.      Based on public information, Defendant's registered agent for service is Forward Thinking Systems LLC, 575 Jericho Turnpike, Suite 301, Jericho, NY 11753.

## JURISDICTION AND VENUE

6.      Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-5 above as though fully set forth in their entirety.

7.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8.      Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District from those regular and established places of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

9.      Defendant offers products and services, including through the manufacture, sale, importation, use, and/or testing of Accused Products, and conducts business in this District.

10.     Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in New York and in this District.

11.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District.

12.     Defendant commits acts of infringement from this District, including, but not limited to, importing, selling, offering for sale, importing, using, installing, and/or testing of the Accused Products, and inducement of third parties to use the Accused Products in an infringing manner.

## THE ASSERTED PATENTS AND ACCUSED PRODUCTS

13.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-12 above as though fully set forth in their entirety.

14.     Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://www.fleetcam.com/fleetcam-ai/ through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.

15.     Defendant makes, uses, causes to be used, sells, offers for sale, imports, provides, supplies, and/or distributes one or more FleetCam fleet management platform and tracking solutions, including, but not limited to:

- FleetCam devices, including, but not limited to, FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22, FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, FC-PRO-R-LAT-22, FleetCam Pro Road Only, FleetCam Essential Road Only, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FC-ENT-8-EMEA-2, FC-ENT-8-LAT-2, FC-ENT-8-NA-2, FC-ENT-8-WIFI-2, FC-ENT-5-EMEA-2, FC-ENT-5-LAT-2, FC-ENT-5-NA-2, FC-ENT-5-WIFI-2, and FC-ENT-5-HD;

- FleetCam Fleet Management software/applications/websites, including but not limited to, the IntelliHub Real-Time Fleet Management Software, Fleet Dispatching Software, Field Warrior Mobile Workforce Management App, Route Matrix Fleet Routing Software, Monarch Mobile Fleet Management App, All-in-one Fleet management & safety system, Commercial Fleet Tracking Solution, and LBS Edge Suite;

- FleetCam IoT gateway devices;

- FleetCam dashcams such as FC-ENT-5-EMEA-2, FC-ENT-5-LAT-2, FC-ENT-5-NA-2, FC-ENT-5-WIFI-2, FC-ENT-5-HD, FC-ENT-8-EMEA-2, FC-ENT-8-

LAT-2, FC-ENT-8-NA-2, FC-ENT-8-WIFI-2, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, and FleetCam Pro Road-Facing AI Dashcam;

- FleetCam AI camera solution;

- FleetCam solutions, including, but not limited to, the DVIR - Electronic Driver Vehicle Inspection Report; and

- All other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

16.     For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I:   INFRINGEMENT OF U.S. PATENT NO. 7,058,040**

17.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

18.     For purposes of this Count I, the Accused Products include FleetCam devices, including, but not limited to, the FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22 FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, FC-PRO-R-LAT-22, FleetCam Pro Road Only, FleetCam Essential Road Only, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FC-ENT-8-EMEA-2, FC-ENT-8-LAT-2, FC-ENT-8-NA-2, FC-ENT-8-WIFI-2, FC-ENT-5-EMEA-2, FC-ENT-5-LAT-2, FC-ENT-5-NA-2, FC-ENT-5-WIFI-2, and FC-

ENT-5-HD; and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

19.    The USPTO duly issued U.S. Patent No. 7,058,040 (the "'040 patent") on June 6, 2006, after full and fair examination of Application No. 09/962,718, which was filed on September 21, 2001.

20.    Fleet Connect owns all substantial rights, interest, and title in and to the '040 patent, including the sole and exclusive right to prosecute this action and enforce the '040 patent against infringers and to collect damages for all relevant times.

21.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '040 patent.

22.    The claims of the '040 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods of transmitting data over media having overlapping frequencies.

23.    The written description of the '040 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

24.    Defendant has directly infringed one or more claims of the '040 patent by making,

using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

25.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '040 patent, as detailed in **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,058,040).

26.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 7,742,388

27.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

28.     For purposes of this Count II, the Accused Products include exemplary FleetCam devices, including, but not limited to, the FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22 FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, FC-PRO-R-LAT-22, FleetCam Pro Road Only, FleetCam Essential Road Only, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FC-ENT-8-EMEA-2, FC-ENT-8-LAT-2, FC-ENT-8-NA-2, FC-ENT-8-WIFI-2, FC-ENT-5-EMEA-2, FC-ENT-5-LAT-2, FC-ENT-5-NA-2, FC-ENT-5-WIFI-2, FC-ENT-5-HD, including, but not limited to, the Clarity Edge; and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and

solutions (collectively, the "<u>Accused Products</u>").

29.    The USPTO duly issued U.S. Patent No. 7,742,388 (the "'388 patent") on June 22, 2010, after full and fair examination of Application No. 11/185,665, which was filed July 20, 2005.

30.    Fleet Connect owns all substantial rights, interest, and title in and to the '388 patent, including the sole and exclusive right to prosecute this action and enforce the '388 patent against infringers and to collect damages for all relevant times.

31.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '388 patent.

32.    The claims of the '388 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of generating packets in a digital communications system.

33.    The written description of the '388 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

34.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '388 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

35.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '388 patent, as detailed in **Exhibit B** (Evidence of Use

Regarding Infringement of U.S. Patent No. 7,742,388).

36.    Defendant had knowledge of the '388 patent at least as of the date Defendant was notified of the filing of this action.

37.    Since at least the time of receiving the complaint, Defendant has indirectly infringed and continues to indirectly infringe the '388 patent by inducing others to directly infringe the '388 patent.  Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '388 patent by providing or requiring use of the Accused Products.  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '388 patent, including, for example, claim 1.  *See* Exhibit B.

38.    Such steps by Defendant have included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or instructional and technical support to users.  Defendant has been performing these steps, which constitute induced infringement with the knowledge of the '388 patent and with the knowledge that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '388 patent. Defendant's inducement is ongoing.  *See* Exhibit B.

39.    Since at least the time of receiving the complaint, Defendant has indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '388 patent.

Defendant has contributed and continues to contribute to the direct infringement of the '388 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '388 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '388 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing. *See* Exhibit B.

40.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Fleet Connect's patent rights.

41.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

42.    Defendant's infringement of the '388 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Fleet Connect's rights under the patent.

43.    Fleet Connect has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Fleet Connect has and will continue to suffer this harm by virtue of Defendant's infringement of the '388 patent. Defendant's actions have interfered with and will interfere with Fleet Connect's ability to license technology. The balance of hardships favors Fleet Connect's ability to commercialize its own ideas and technology. The public interest in allowing Fleet Connect to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

44.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 7,656,845</u>

45.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

46.     For purposes of this Count III, the Accused Products include FleetCam devices, including, but not limited to, the FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22 FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, FC-PRO-R-LAT-22, FleetCam® Pro Road Only, FleetCam Essential Road Only, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FC-ENT-8-EMEA-2, FC-ENT-8-LAT-2, FC-ENT-8-NA-2, FC-ENT-8-WIFI-2, FC-ENT-5-EMEA-2, FC-ENT-5-LAT-2, FC-ENT-5-NA-2, FC-ENT-5-WIFI-2, and FC-ENT-5-HD; and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "<u>Accused Products</u>").

47.     The USPTO duly issued U.S. Patent No. 7,656,845 (the "'845 patent") on February 2, 2010, after full and fair examination of Application No. 11/402,172, which was filed on April 11, 2006.  A Certificate of Correction was issued on November 30, 2010.

48.     Fleet Connect owns all substantial rights, interest, and title in and to the '845 patent, including the sole and exclusive right to prosecute this action and enforce the '845 patent against infringers and to collect damages for all relevant times.

49.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '845 patent.

50.     The claims of the '845 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of wireless communication with a mobile unit.

51.     The written description of the '845 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

52.     Defendant has directly infringed one or more claims of the '845 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

53.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '845 patent, as detailed in **Exhibit C** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,656,845).

54.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT IV: **INFRINGEMENT OF U.S. PATENT NO. 7,260,153**

55.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as

though fully set forth in their entirety.

56.     For purposes of this Count IV, the Accused Products include FleetCam devices, including, but not limited to, the FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22 FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, FC-PRO-R-LAT-22, FleetCam Pro Road Only, FleetCam Essential Road Only, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FC-ENT-8-EMEA-2, FC-ENT-8-LAT-2, FC-ENT-8-NA-2, FC-ENT-8-WIFI-2, FC-ENT-5-EMEA-2, FC-ENT-5-LAT-2, FC-ENT-5-NA-2, FC-ENT-5-WIFI-2, and FC-ENT-5-HD; and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

57.     The USPTO duly issued U.S. Patent No. 7,260,153 (the "'153 patent") on August 21, 2007, after full and fair examination of Application No. 10/423,447, which was filed on April 28, 2003.

58.     Fleet Connect owns all substantial rights, interest, and title in and to the '153 patent, including the sole and exclusive right to prosecute this action and enforce the '153 patent against infringers and to collect damages for all relevant times.

59.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '153 patent.

60.     The claims of the '153 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include

inventive components that improve upon the function and operation of voice and data communications systems.

61.    The written description of the '153 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

62.    Defendant has directly infringed one or more claims of the '153 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

63.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '153 patent, as detailed in **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,260,153).

64.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 7,206,837**

65.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

66.    For purposes of this Count V, the Accused Products include FleetCam Fleet Management software/applications/websites, including but not limited to, the IntelliHub Real-Time Fleet Management Software, Field Warrior Mobile Workforce Management App, Route

Matrix Fleet Routing Software, Monarch Mobile Fleet Management App, Commercial Fleet Tracking Solution, and LBS Edge Suite; FleetCam IoT gateway devices; FleetCam dashcams such as FC-ENT-5-EMEA-2,FC-ENT-5-LAT-2, FC-ENT-5-NA-2,FC-ENT-5-WIFI-2, FC-ENT-5-HD, FC-ENT-8-EMEA-2,FC-ENT-8-LAT-2, FC-ENT-8-NA-2,FC-ENT-8-WIFI-2, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FleetCam Pro Road-Facing AI Dashcam, FleetCam Essential Road Only, FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22 FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, and FC-PRO-R-LAT-22; the FleetCam AI camera solution; and all other substantially similar products and services of the foregoing offered in the past or future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

67.     The USPTO duly issued U.S. Patent No. 7,206,837 (the "'837 patent") on April 17, 2007, after full and fair examination of Application No. 10/287,151, which was filed November 4, 2002.

68.     Fleet Connect owns all substantial rights, interest, and title in and to, the '837 patent including the sole and exclusive right to prosecute this action and enforce the '837 patent against infringers and to collect damages for all relevant times.

69.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '837 patent.

70.     The claims of the '837 patent are not directed to an abstract idea and are not limited

to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

71.     The written description of the '837 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

72.     Defendant has directly infringed one or more claims of the '837 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

73.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '837 patent, as detailed in **Exhibit E** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,206,837).

74.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: <u>INFRINGEMENT OF U.S. PATENT NO. 7,593,751</u>

75.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

76.     For purposes of this Count VI, the Accused Products include the FleetCam fleet management applications/software/websites, including but not limited to, FleetCam web-based

software/applications, including, but not limited to, the IntelliHub Real-Time Fleet Management Software, and Fleet Dispatching Software; mobile apps, including, but not limited to, the Field Warrior Mobile Workforce Management App; solutions, including such as DVIR - Electronic Driver Vehicle Inspection Report; and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications (collectively, the "Accused Products").

77.     The USPTO duly issued U.S. Patent No. 7,593,751 (the "'751 patent") on September 29, 2009, after full and fair examination of Application No. 11/262,699, which was filed on October 31, 2005.

78.     Fleet Connect owns all substantial rights, interest, and title in and to the '751 patent, including the sole and exclusive right to prosecute this action and enforce the '751 patent against infringers and to collect damages for all relevant times.

79.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '751 patent.

80.     The claims of the '751 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting communication systems and methods for executing field operations using handheld devices.

81.     The written description of the '751 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time

of the invention.

82.     Defendant has directly infringed one or more claims of the '751 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

83.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 6 of the '751 patent, as detailed in **Exhibit F** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,593,751).

84.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 6,961,586**

85.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

86.     For purposes of this Count VII, the Accused Products include FleetCam fleet management applications/software/websites, including but not limited to, FleetCam web-based software/applications, such as the IntelliHub Real-Time Fleet Management Software; mobile apps, such as the Field Warrior Mobile Workforce Management App; solutions such as DVIR - Electronic Driver Vehicle Inspection Report; and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

87.     The USPTO duly issued U.S. Patent No. 6,961,586 (the "'586 patent") on November 1, 2005, after full and fair examination of Application No. 09/955,543, which was filed on September 17, 2001.  A Certificate of Correction was issued on June 25, 2013.

88.     Fleet Connect owns all substantial rights, interest, and title in and to the '586 patent, including the sole and exclusive right to prosecute this action and enforce the '586 patent against infringers and to collect damages for all relevant times.

89.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '586 patent.

90.     The claims of the '586 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting communication systems and methods for executing field operations using handheld devices.

91.     The written description of the '586 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

92.     Defendant has directly infringed one or more claims of the '586 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

93.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 9 of the '586 patent, as detailed in **Exhibit G** (Evidence of Use

Regarding Infringement of U.S. Patent No. 6,961,586).

94.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VIII:     INFRINGEMENT OF U.S. PATENT NO. 8,494,581

95.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

96.     For purposes of this Count VIII, the Accused Products include FleetCam fleet management application/software/website, including but not limited to, FleetCam web-based software/application, such as the IntelliHub Real-Time Fleet Management Software; mobile apps, such as the Field Warrior Mobile Workforce Management App; solutions, such as DVIR - Electronic Driver Vehicle Inspection Report; and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

97.     The USPTO duly issued U.S. Patent No. 8,494,581 (the "'581 patent") on July 23, 2013, after full and fair examination of Application No. 12/547,363, which was filed on August 25, 2009.

98.     Fleet Connect owns all substantial rights, interest, and title in and to the '581 patent, including the sole and exclusive right to prosecute this action and enforce the '581 patent against infringers and to collect damages for all relevant times.

99.      Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '581 patent.

100.      The claims of the '581 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods and systems of collecting and communicating field data based on geographical location.

101.      The written description of the '581 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

102.      Defendant has directly infringed one or more claims of the '581 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

103.      Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claims 21 and 22 of the '581 patent, as detailed in **Exhibit H** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,494,581).

104.      Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IX: <u>INFRINGEMENT OF U.S. PATENT NO. 7,741,968</u>

105.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

106.    For purposes of this Count IX, the Accused Products include FleetCam Fleet Management software/application/website, including but not limited to IntelliHub Real-Time Fleet Management Software, Field Warrior Mobile Workforce Management App, Route Matrix Fleet Routing Software, Monarch Mobile Fleet Management App, All-in-one Fleet management & safety system, Commercial Fleet Tracking Solution), LBS Edge Suite, Forward Thinking IoT gateway devices, Forward Thinking dashcams such as FC-ENT-5-EMEA-2,FC-ENT-5-LAT-2, FC-ENT-5-NA-2,FC-ENT-5-WIFI-2,  FC-ENT-5-HD,  FC-ENT-8-EMEA-2,FC-ENT-8-LAT-2, FC-ENT-8-NA-2,FC-ENT-8-WIFI-2, FC-ESNTL-NA-V4, FC-ESNTL-R-NA-V4, FC-ESNTL-EMEA-V4, FC-ESNTL-R-EMEA-V4, FC-ESNTL-LAT-V4, FC-ESNTL-R-LAT-V4, FleetCam Pro Road-Facing AI Dashcam, FleetCam Essential Road Only, FC-PRO-NA-22, FC-PRO-NA-22-6, FC-PRO-LAT-22, FC-PRO-EMEA-22 FC-PRO-R-NA-22, FC-PRO-R-NA-22-6, FC-PRO-R-EMEA-22, FC-PRO-R-LAT-22, FleetCam AI camera solution, and all other substantially similar products and services of the foregoing offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "<u>Accused Products</u>").

107.    The USPTO duly issued U.S. Patent No. 7,741,968 (the "'968 patent") on June 22, 2010, after full and fair examination of Application No. 12/143,707, which was filed on June 20, 2008.

108.    Fleet Connect owns all substantial rights, interest, and title in and to the '968 patent,

including the sole and exclusive right to prosecute this action and enforce the '968 patent against infringers and to collect damages for all relevant times.

109.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '968 patent.

110.    The claims of the '968 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of systems and methods for permissive navigational tracking where the sending party selectively transmits navigation data to a receiving party over a period of time.

111.    The written description of the '968 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

112.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '968 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

113.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 4 of the '968 patent, as detailed in **Exhibit I** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,741,968).

114.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

115.    Fleet Connect hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

116.    WHEREFORE, Fleet Connect requests that the Court find in its favor and against Defendant, and that the Court grant Fleet Connect the following relief:

a.    Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.    A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '388 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '388 patent by such entities;

c.    Judgment that Defendant accounts for and pays to Fleet Connect all damages to and costs incurred by Fleet Connect because of Defendant's infringing activities and other conduct complained of herein;

d.    Judgment that Defendant's infringement of the '388 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.    Pre-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.    That this Court declare this an exceptional case and award Fleet Connect its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.    All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>September 15, 2025</u>

Respectfully submitted,

By:<u>/s/ James F. McDonough, III</u>

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

*Attorneys for* FLEET CONNECT SOLUTIONS LLC

\**Pro hac vice* admission to be filed

**List of Exhibits**

A.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,058,040
B.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,742,388
C.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,656,845
D.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,260,153
E.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,206,837
F.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,593,751
G.  Evidence of Use Regarding Infringement of U.S. Patent No. 6,961,586
H.  Evidence of Use Regarding Infringement of U.S. Patent No. 8,494,581
I.  Evidence of Use Regarding Infringement of U.S. Patent No. 7,741,968