UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fleet Connect Solutions LLC,<br><br>                              Plaintiff,<br><br>-v-<br><br>Forward Thinking Systems LLC d/b/a FleetCam,<br><br>                              Defendant. | 2:25-cv-5178<br>(NJC) (LGD) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

This action involves patent infringement claims brought by Plaintiff Fleet Connect Solutions LLC ("Fleet Connect") asserting nine patents against Defendant Forward Thinking Systems LLC ("FleetCam"). Before the Court is FleetCam's motion to stay the litigation pending completion of United States Patent and Trademark Office ("USPTO") investigations regarding the validity of several of the patents at issue. For the reasons set forth below, the Court denies the motion to stay.

**BACKGROUND**

Fleet Connect commenced this action against FleetCam on September 15, 2025. (Compl., ECF No. 1.) Fleet Connect's Complaint asserts patent infringement claims against FleetCam with respect to nine patents (the "Asserted Patents"). (Compl. ¶¶ 1, 17–114.) The Complaint alleges that FleetCam's products "practice at least one claim of each of the Asserted Patents." (Compl. ¶ 16.) FleetCam filed an Answer to the Complaint on December 5, 2025, and raised certain affirmative defenses and counterclaims, including, among others, that the patents are invalid and Fleet Connect's claims are barred "by one or more of the equitable doctrines of

laches, estoppel, acquiescence, waiver, and unclean hands." (ECF No. 15 at 12; *see also id. in toto*.)

On December 5, 2025, FleetCam filed the motion seeking a stay on the basis that five of the nine Asserted Patents are the subject of ex parte reexaminations ("EPRs") before the USPTO, initiated by other individuals or entities not party to this litigation. (Mot. Stay, ECF No. 16.) Attached to FleetCam's motion are exhibits relating to the reexamination requests. (ECF Nos. 16-2 through 16-14.) FleetCam contends that a stay is warranted because: (1) there are pending USPTO investigations on five of the nine Asserted Patents; (2) this action is in the early stages of litigation; (3) resolution of the USPTO investigations would simplify many of the issues in this litigation, including the scope of discovery, motion practice, and trial, even if the USPTO does not cancel any of the asserted claims; and (4) Fleet Connect would not be unduly prejudiced because a stay would encourage settlement discussions and because Fleet Connect would enjoy the same benefits as FleetCam if the issues in this litigation are simplified and streamlined. (*See* Mot. Stay.)

On December 23, 2025, Fleet Connect filed its opposition to the motion to stay, and attached as exhibits documentation relating to the underlying patents, a recent USPTO disposition regarding one of the Asserted Patents, and a recent opinion from the Eastern District of Texas ruling on a motion to stay in an action involving many of the same patents at issue here. (ECF Nos. 19, 19-1 through 19-6.) Fleet Connect opposes a stay on the basis that: (1) only four out of the nine of the Asserted Patents are subject to current USPTO proceedings (which includes one currently on appeal to the Patent Trademark and Appeal Board); (2) FleetCam is not a party to those proceedings and would not be bound by rulings in them; (3) the USPTO investigations will not simplify the issues because many of the Asserted Patents are unrelated to

one another; (4) the scope of discovery in this action would not be limited by the outcome of those proceedings; and (5) an indefinite stay would unduly prejudice Fleet Connect. (*See* Opp.) FleetCam filed its reply on January 6, 2026. (ECF No. 23.)

## LEGAL STANDARD

Courts must "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. "[A] stay is an intrusion into the ordinary processes of administration and judicial review, and . . . should be granted only in 'rare circumstances.'" *Medina v. Angrignon*, No. 15-cv-0427, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022) (quoting *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011) and *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "[S]tays of indefinite duration are generally disfavored. *Id*. at 2.

Nevertheless, "[d]istrict courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the USPTO." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-cv-05669, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014). In this context, courts consider the following non-exclusive factors in assessing whether the totality of the circumstances weighs in favor of a stay: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Id*. "The burden is on the movant to establish that a stay is warranted." *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-cv-5539, 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017).

## DISCUSSION

Upon consideration of the totality of the circumstances, including the three *CDX* factors, FleetCam has failed to show that a stay is warranted. Although this action is in the early stages, a stay would not simplify the issues in this litigation and would unduly prejudice Fleet Connect.

### I. Simplification of the Issues

With respect to the first stay analysis factor, a stay would not have a meaningful effect in simplifying the issues in this litigation. Out of the nine Asserted Patents at issue, only four remain subject to an active ex parte reexamination or further appellate review by the USPTO.[1] FleetCam did not bring those EPR proceedings and "has not agreed to be bound by the outcome of [them]." (Opp. at 3.) FleetCam argues merely that the EPR proceedings "[have] *the potential* to reduce the scope of discovery, motion practice, and eventually trial . . . ." (Mot. Stay at 6) (emphasis added). Any USPTO finding that is unfavorable to FleetCam's position, therefore, may remain subject to challenge in this litigation, and all arguments remain available to FleetCam regardless of the outcome of the EPR proceedings. *See, e.g. Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11-cv-2930, 2012 WL 2899077, at *2 (S.D.N.Y. July 16, 2012) (finding that a stay would not simplify the issues because USPTO's rulings would not be binding).

FleetCam additionally points to another case in this District where, in the face of similar estoppel-based arguments, the court reasoned that it "will still benefit from the . . . reexamination record." (Reply at 2 (citing *Lederer v. Newmatic Sound Sys., Inc.*, No. 10-cv-0271, 2011 WL 31189, at *3 (E.D.N.Y. Jan. 4, 2011).) *Lederer* is distinguishable, however, because it only involved one patent and the potential for the USPTO investigation to simplify the issues was therefore substantially higher than it is here, where only four of nine patents are subject to further USPTO review. 2011 WL 31189, at *1. The additional cases on which FleetCam relies are

---

[1] While FleetCam asserts that "five of the nine Asserted Patents have ordered reexaminations before the USPTO that are currently underway," it appears that at least one of those reexaminations has been resolved. (*See* Opp. at 2, n.5.) FleetCam has not shown otherwise. Therefore, only four Asserted Patents remain subject to further review by the USPTO.

distinguishable for the same reason. *See* Reply at 2–3; *see also OrthoArm Inc. v. MidAtlantic Dental, Inc.*, No. CV 11-7489, 2013 WL 12317880, at *1 (D.N.J. Mar. 14, 2013) (only one patent at issue); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-cv-8815, 2000 WL 1134471, at *1 (S.D.N.Y. Aug. 10, 2000) (same).

FleetCam also contends that reexamination may simplify the issues even for the Asserted Patents not subject to reexamination because "the reexamination records are relevant to other patents currently at issue." (Mot. Stay at 10.) This argument is unavailing. As Fleet Connect points out—and FleetCam does not contest in on reply—most of the Asserted Patents are not related to one another, and only two are members of the same common line of patents. (*See* Opp. at 8–9.) FleetCam's authority on this issue only addresses *related* patents, and is therefore inapposite. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1343 (Fed. Cir. 2015) (addressing related patents); *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 980 (Fed. Cir. 1999) (same). Accordingly, FleetCam has not shown that reexamination may simplify the issues even for Asserted Patents that are not subject to reexamination.

In this context, even if USPTO findings as to certain patents may later impact this litigation in some manner, the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time." *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *3 (E.D. Tex. Sep. 18, 2014). Accordingly, the first factor in the stay analysis counsels against granting a stay.

## II. Stage of the Proceedings

The second factor, which requires considering the stage of the proceedings, weighs in favor of a stay when an action is in the early stages of its lifespan. *See CDX Diagnostics, Inc.*,

2014 WL 2854656, at *4; *see also Wiesel v. Apple Inc.*, No. 19-CV-7261, 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Here, this action is in the early stages of proceedings; FleetCam has filed an Answer to the Complaint, but the parties have not yet commenced discovery or dispositive motion practice. Therefore, this factor weighs slightly in favor of a stay. "However, '[e]ven where a case is in its early stages of litigation, a stay should still be denied if it offers limited potential to narrow the issues in the case and the non-moving party will suffer undue prejudice by the delay.'" *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4; (citing *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 178 (S.D.N.Y. 2009)); *see also Grecia v. MasterCard, Inc.*, No. 15-cv-9059, 2017 WL 11566955, at *3 (S.D.N.Y. Apr. 3, 2017) ("[C]ourts generally decline to stay early-stage cases where the other two factors weigh in the opposite direction.").

### III. Undue Prejudice to Fleet Connect

This third factor involves considering whether the grant of a stay would prejudice the nonmoving party—Fleet Connect. "Mere delay in the litigation does not establish undue prejudice." *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4. "Four subfactors are germane to the undue prejudice inquiry: (1) the timing of the request for the review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *Think Prods., Inc. v. ACCO Brands Corp.*, No. 14-cv-6659, 2015 WL 13955492, at *2 (E.D.N.Y. June 19, 2015). Upon consideration of all four subfactors, this Court finds that a stay would unduly prejudice Fleet Connect.

#### A. Timing of the Review Request

Documentation submitted by FleetCam demonstrates that the EPR requests were all filed prior to initiation of this litigation. (Mot. Stay at vi; *see also* ECF Nos. 16-2 through 16-14.) The

timing of the review request does not suggest that Fleet Connect will be unduly prejudiced by a stay of this action, as it was aware of the pending requests before it initiated this litigation as a plaintiff.

### B. Timing of the Stay Request

FleetCam filed this motion to stay concurrently with its Answer and approximately three months after Fleet Connect initiated this action on September 15, 2025. No deadlines have been set in this action. The timing of the stay request does not suggest that Fleet Connect has suffered or will suffer undue prejudice because the stay briefing has not required any extensions or adjournments or otherwise caused any disruption to the progress of the proceedings.

### C. Status of the Review Proceeding

The third factor weighs in favor of finding that a stay would prejudice Fleet Connect because, as another court found in an action brought by Fleet Connect against a different defendant, EPR proceedings related to many of the same patents at issue here "have only a remote chance of simplifying the case because such proceedings do not have statutory deadlines . . . and only about 14% of such proceedings result in cancellation of all challenged claims." *Fleet Connect Solutions LLC v. UAB Gurtam*, No. 2:25-cv-00661, Order Denying Motion to Stay (ECF No. 34), at 1–2 (E.D. Tex. Dec. 3, 2025). The EPR proceedings have not concluded, and Fleet Connect intends to "appeal any adverse final decision by the USPTO" including to the Court of Appeals for the Federal Circuit if necessary. (Opp. at 14.) Accordingly, it may take years for a final determination in the EPR proceedings.

Moreover, the indefinite nature of the requested stay counsels against granting a stay. *Medina*, 2022 WL 1555083, at *2 ("[S]tays of indefinite duration are generally disfavored.) The grant of FleetCam's requested indefinite stay would unduly prejudice Fleet Connect by

7

indefinitely delaying any relief in this action. *See also Prestige Jewelry Int'l, Inc.*, 2012 WL 2899077, at *3 ("[C]ourts in this circuit have regularly found prejudice where a reexamination would prolong the litigation.").

### D. Relationship of the Parties

"Where the parties are competitors, there is certainly the real possibility of undue prejudice." *Slingshot Printing LLC v. Canon U.S.A., Inc.*, No. 22-cv-123, 2022 WL 17361232, at *5 (E.D.N.Y. Dec. 1, 2022). Here, the parties have provided no information about whether they compete against each other. In another action before this Court, however, the defendant had established that Fleet Connect is "a non-practicing entity" and therefore could not be a competitor. (*Fleet Connect Solutions LLC v. Vehicle Tracking Solutions, LLC*, No. 2:25-cv-04453, ECF No. 16 at 5.) Therefore, the relationship of the parties does not suggest that Fleet Connect has been unduly prejudiced.

Considering all of the subfactors together, the fact that the EPR proceedings and potential appeal of any decisions rendered through those proceedings may take years to conclude, along with FleetCam's request for an indefinite stay weigh strongly in favor of finding that the grant of the requested stay would unduly prejudice Fleet Connect.

Accordingly, two of the motion to stay factors weigh against granting a stay, while the second factor is neutral. Although this action is in the early stages, a stay would not simplify the issues in this litigation and would unduly prejudice Fleet Connect. After close consideration of all three of the factors and the totality of the circumstances, the Court concludes that FleetCam's requested stay is unwarranted.

8

## CONCLUSION

For the reasons set forth above, the Court denies FleetCam's motion to stay the litigation pending completion of a USPTO investigation regarding the validity of several of the nine patents at issue in this action. The Parties shall contact the assigned magistrate judge for a discovery schedule.

Dated: Central Islip, New York
January 26, 2026

      /s/ Nusrat J. Choudhury
NUSRAT J. CHOUDHURY
United States District Judge